2016 OK 48

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**George Michael LEWIS, Respondent.**

**SCBD No. 6384.**

Supreme Court of Oklahoma.

May 2, 2016.

**ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS**

¶ 1 On April 25, 2016, George Michael Lewis's affidavit regarding his resignation

pending disciplinary proceedings was filed with this Court. *See* Rule 8.1, Rules Governing Disciplinary Proceedings (RGDP), 5 O.S. 2011; ch. 1, app. 1–A. Lewis requests that he be allowed to resign his membership in the Oklahoma Bar Association (OBA) and relinquish his right to practice law in Oklahoma pending disciplinary proceedings. The OBA filed its application for an order approving the resignation.

¶2 In the affidavit, Lewis acknowledges that the OBA has opened grievance DC 16-054 against him and that the grievance alleges that he committed criminal acts involving sexual abuse of his minor daughter and such acts reflect adversely on his honesty, trustworthiness or fitness as a lawyer. He states that he is aware, if proven, the acts constitute violations of Rule 8.4(b) of the Oklahoma Rules of Professional Conduct, 5 O.S. 2011, ch. 1, app. 3–A, and Rule 1.3 of the RGDP.

¶3 This Court finds that Lewis has complied with the requirements of Rule 8.1 of the RGDP. Consistent with Rule 8.1's requirements, Lewis's affidavit reflects that his tendered resignation is freely and voluntarily rendered, that he is not subject to coercion or duress, that he is aware of the consequences of submitting the resignation, and that he is waiving his rights to contest the allegations in the pending grievance.

¶4 Lewis acknowledges that he may not make application for reinstatement for five years after the effective date of this order and that he must comply with Rule 11 of the RGDP when seeking reinstatement. Lewis agrees to reimburse the Client Security Fund for claims approved and paid, together with statutory interest, as a result of these proceedings and before seeking reinstatement.

¶5 Lewis avers that he cannot locate his OBA membership card, but, if he does locate it, he will submit it to the OBA's General Counsel. Lewis has consulted legal counsel "regarding the matters contained within the affidavit." The OBA states that it has not incurred any costs related to these proceedings.

¶6 This Court finds that Lewis's resignation complies with the requirements set forth in Rule 8.1 of the RGDP and should be approved. Therefore, it is ordered that George Michael Lewis's name be stricken from the roll of attorneys. Because resignation pending discipline is tantamount to disbarment, Lewis may not make an application for reinstatement prior to the expiration of five years from the date this order becomes final. Rules 8.1(c), 8.2, RGDP. Further, Lewis shall reimburse the Client Security Fund any amounts paid out as a result of these proceedings before seeking reinstatement. Rule 11.1(b), RGDP. Pursuant to Rule 9.1 of the RGDP, Lewis shall notify all of his clients, if any, having legal business pending with him within 20 days, by certified mail, of his inability to represent them and of the necessity for promptly retaining new counsel.

¶7 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 2nd day of May 2016.

Concur: REIF, C.J.; COMBS, V.C.J.; and KAUGER, WATT, WINCHESTER, EDMONDSON, TAYLOR, and COLBERT, JJ.

Not Participating: GURICH, J.